IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

   **Plaintiff,**

v.               Case No. 23-CR-026-JFH

DANNY GENE KIRBY,

   **Defendant.**

## OPINION AND ORDER

  Before the Court is a motion in limine ("Motion") filed by the United States of America ("Government"). Dkt. No. 57. Defendant Danny Gene Kirby ("Defendant") opposes the Motion. Dkt. No. 63. For the reasons stated, the motion is DENIED.

## BACKGROUND

  Defendant is charged with one count of involuntary manslaughter in Indian country. Dkt. No. 2. The indictment alleges:

> On or about July 23, 2022, within the Eastern District of Oklahoma, in Indian Country, the defendant, DANNY GENE KIRBY, an Indian, did unlawfully kill S.B., in the commission of an unlawful act not amounting to a felony, that is operating a motor vehicle under the combined influence of alcohol and any other intoxicating substance which may render such person incapable of safely driving or operating a motor vehicle, contrary to Title 47, Oklahoma Statutes, Section 11-902, and in the commission in an unlawful manner and without due caution and circumspection of a lawful act which might produce death, in violation of Title 18, United States Code, Sections 1112, 1141, and 1153.

*Id.* Jury trial is set to begin June 26, 2023. Dkt. No. 44.

  Defendant filed several motions in March 2023: two motions to suppress, two motions to dismiss, a motion in limine, and a motion to exclude expert testimony. Dkt. No. 29; Dkt. No. 34; Dkt. No. 30; Dkt. No. 31; Dkt. No. 33; Dkt. No. 32. One motion to suppress was later withdrawn.

Dkt. No. 51; Dkt. No. 52. The Court referred this group of motions to United States Magistrate Judge Jason A. Robertson, who held a hearing on them on April 24, 2023. Dkt. No. 54. Magistrate Judge Robertson issued Findings and Recommendations ("R&Rs") regarding these motions. Dkt. No. 60; Dkt. No. 61; Dkt. No. 62. Three additional motions were filed in the case in May 2023. The Government filed two motions: the instant Motion [Dkt. No. 57] and a motion to exclude expert testimony [Dkt. No. 59]. Defendant filed an unopposed motion in limine. Dkt. No. 58. The Court retained this second set of motions.

The Court adopts Magistrate Judge Robertson's recitation of underlying facts and incorporates them here for ease of reference:

> On July 23, 2022, Defendant, an Indian, was driving a motorcycle on which S.B., also an Indian, was a passenger while leaving Fountainhead Marina bar in McIntosh County, Oklahoma. While attempting to make a turn, Defendant drove off of the roadway. He attempted to re-enter the roadway, lost control of the motorcycle, and caused S.B. to be thrown from the motorcycle where she impacted with the pavement. S.B. died from her injuries.

Both Defendant and S.B. were found to have intoxicating substances in their systems following the crash. Defendant informed an Oklahoma Highway Patrol trooper at the scene that he had been drinking. He was later transported to the hospital, where his blood was drawn. Toxicology results indicated the presence of ethyl alcohol, hydroxy-THC, THCA, THC, amphetamines, tramadol, citalopram, trazodone, and oxycodone in Defendant's system. Medical personnel conducted toxicology tests on S.B. as well, both at the hospital directly after the crash and as part of her postmortem examination. Results showed ethyl alcohol, amphetamines, benzodiazepines, and cannabinoids in S.B.'s system.

## AUTHORITY AND ANALYSIS

The Government asks the Court to exclude blood and urinalysis results for S.B. from evidence and prohibit any discussion of her potential intoxication on the basis that the evidence would be irrelevant, speculative, and misleading to the jury. Dkt. No. 57. According to the Government, Defendant intends "to use the alleged intoxication as a vehicle to prove contributory negligence, which is not a defense in a criminal case." *Id.* at 4.[1] Defendant disagrees, claiming he instead "intends to offer evidence of S.B.'s intoxication to challenge the [G]overnment's assertion that Defendant's conduct was the actual cause of S.B.'s death." Dkt. No. 63 at 3. He asserts that the Government must prove more than cause in fact and must demonstrate that Defendant's conduct was the proximate cause of death. *Id.* Defendant alleges that S.B.'s "intoxication may have contributed to her death by contributing to her refusal to wear a protective helmet" because "[h]ad S.B. been wearing a protective helmet it is unlikely that a death would have resulted from the accident." *Id.* at 3-4.

Involuntary manslaughter "is the unlawful killing of a human being without malice . . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." 18 U.S.C. § 1112(a). "The defendant's acts must amount to gross negligence, defined as wanton or reckless disregard for human life. Gross negligence describes a degree of culpability far more serious than tort negligence." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) (citations and quotations omitted).

---

[1] "Comparative and contributory negligence are not defenses to a criminal charge." *United States v. Cody*, No. 22-CR-63-JFH, 2022 WL 2333493, at *5 (N.D. Okla. June 28, 2022). Defendant acknowledges this general bright-line rule. Dkt. No. 63 at 3.

Defendant directs the Court to an Eighth Circuit decision affirming admission of evidence relating to a victim's intoxication in an involuntary manslaughter case. There, the appellate court explained that the evidence was properly admitted so the jury could "determine whether, under all the circumstances of the case, [the defendant's] actions were grossly negligent, and whether, if so, there was a sufficiently close causal connection between [the defendant's] negligence and [the victim's] death to hold [the defendant] accountable under the manslaughter statute." *United States v. Schmidt*, 626 F.2d 616, 618 (8th Cir. 1980). The court reasoned that evidence of the victim's intoxication did "not detract from the independent evidence that [the defendant] was himself grossly negligent" and that "evidence of the decedent's contributory negligence might in some manslaughter cases raise serious questions about the defendant's causal responsibility for the accident." *Id.* Defendant also discusses two state supreme court decisions with similar conclusions. *State v. Chastain*, 960 P.2d 756, 762 (Kan. 1998);[2] *Com. v. Uhrinek*, 544 A.2d 947, 952 (Pa. 1988).[3]

The Court finds the reasoning of these cases to be persuasive. As in the *Schmidt* decision, evidence of S.B.'s state will not detract or mislead the jury from independent evidence of Defendant's behavior. Therefore, the Government's motion in limine to exclude evidence and testimony regarding S.B.'s alleged intoxication is denied.

---

[2] "While contributory negligence is no defense in a prosecution for vehicular homicide, it is a circumstance to be considered along with all other evidence to determine whether appellant's conduct was or was not the proximate cause of decedents' deaths. In some instances, a decedent's contributory negligence may have been a substantial factor in his death and a superseding cause thereof; it may have intervened between a defendant's conduct and the fatal result so as to be itself the proximate cause."

[3] "The trial court's refusal to permit the appellant to introduce evidence of the decedent's intoxication, where the appellant was prepared to support his theory with expert testimony, prevented him from challenging the causal connection between his conduct and the accident, a direct connection that the Commonwealth must prove beyond a reasonable doubt."

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's motion in limine [Dkt. No. 57] is DENIED.

Dated this 7th day of June 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE