IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY GENE KIRBY,<br><br>Defendant. | Case No. 23-CR-026-JFH |

## OPINION AND ORDER

Before the Court are two motions to dismiss filed by Defendant Danny Gene Kirby ("Defendant"). Dkt. No. 30; Dkt. No. 31. The United States of America ("Government") objects to the motions. Dkt. No. 37; Dkt. No. 41. For the reasons stated, the motions to dismiss are DENIED.

## BACKGROUND

Defendant is charged with one count of involuntary manslaughter in Indian country. Dkt. No. 2. The indictment alleges:

> On or about July 23, 2022, within the Eastern District of Oklahoma, in Indian Country, the defendant, DANNY GENE KIRBY, an Indian, did unlawfully kill S.B., in the commission of an unlawful act not amounting to a felony, that is operating a motor vehicle under the combined influence of alcohol and any other intoxicating substance which may render such person incapable of safely driving or operating a motor vehicle, contrary to Title 47, Oklahoma Statutes, Section 11-902, and in the commission in an unlawful manner and without due caution and circumspection of a lawful act which might produce death, in violation of Title 18, United States Code, Sections 1112, 1141, and 1153.

*Id.* Jury trial is set to begin June 26, 2023. Dkt. No. 44.

Defendant filed several motions in March 2023: two motions to suppress, two motions to dismiss, a motion in limine, and a motion to exclude expert testimony. Dkt. No. 29; Dkt. No. 34;

Dkt. No. 30; Dkt. No. 31; Dkt. No. 33; Dkt. No. 32. One motion to suppress was later withdrawn. Dkt. No. 51; Dkt. No. 52. The Court referred this group of motions to United States Magistrate Judge Jason A. Robertson, who held a hearing on them on April 24, 2023. Dkt. No. 54. Magistrate Judge Robertson issued Findings and Recommendations ("R&Rs") regarding these motions. Dkt. No. 60; Dkt. No. 61; Dkt. No. 62. Three additional motions were filed in the case in May 2023. The Government filed a motion in limine [Dkt. No. 57] and a motion to exclude expert testimony [Dkt. No. 59]. Defendant filed an unopposed motion in limine. Dkt. No. 58. The Court retained this second set of motions.

The Court adopts Magistrate Judge Robertson's recitation of underlying facts and incorporates them here for ease of reference:

> On July 23, 2022, Defendant, an Indian, was driving a motorcycle on which S.B., also an Indian, was a passenger while leaving Fountainhead Marina bar in McIntosh County, Oklahoma. While attempting to make a turn, Defendant drove off of the roadway. He attempted to re-enter the roadway, lost control of the motorcycle, and caused S.B. to be thrown from the motorcycle where she impacted with the pavement. S.B. died from her injuries.

Both Defendant and S.B. were found to have intoxicants in their systems following the crash. Defendant informed an Oklahoma Highway Patrol trooper at the scene that he had been drinking. He was later transported to the hospital, where his blood was drawn. Toxicology results indicated the presence of ethyl alcohol, hydroxy-THC, THCA, THC, amphetamines, tramadol, citalopram, trazodone, and oxycodone in Defendant's system. Medical personnel conducted toxicology tests on S.B. as well, both at the hospital directly after the crash and as part of her postmortem examination. Results showed ethyl alcohol, amphetamines, benzodiazepines, and cannabinoids in S.B.'s system.

## AUTHORITY AND ANALYSIS

In his first motion to dismiss, Defendant argues dismissal is necessary because the Government should have referenced the Muscogee (Creek) Nation Code, rather than Oklahoma state law, to establish the alleged unlawful conduct underlying the involuntary manslaughter charge. Dkt. No. 30 at 4. Magistrate Judge Robertson recommended the Court deny this motion. Dkt. No. 61 at 6-7. In his second motion to dismiss, Defendant argues dismissal is necessary because enforcement of the Oklahoma statute cited in the indictment would be unconstitutional based on recent developments in Oklahoma law regarding marijuana. Dkt. No. 31 at 5. Magistrate Judge Robertson recommended the Court also deny this motion. Dkt. No. 61 at 12. Defendant objected to the R&R [Dkt. No. 66] and the United States responded [Dkt. No. 74].

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. The Federal Rules of Civil Procedure provide the additional instructions that objections must be specific as well as written and that the Court must perform de novo review only where a part of the disposition "has been properly objected to." Fed. R. Civ. P. 72(b). *Cf. United States v. Garcia*, 936 F.3d 1128, 1132 (10th Cir. 2019) (looking to Federal Rules of Civil Procedure where Federal Rules of Criminal Procedure were silent).

Although Defendant filed a 21-page objection to the R&R, the substantive arguments set out in the objection are—with the exception of one paragraph found on page 19 (which simply

3

argues the Magistrate Judge's logic is "flawed")—a direct copy of the arguments found in Defendant's original two dismissal motions.  Dkt. No. 66.  This is not a proper objection.

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors immediately." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotations and citations omitted).  "Thus, the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *Id.*  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *Id.*

Mere regurgitation of original arguments does not trigger the Court's obligation to perform de novo review.  "While review of the Magistrate Judge's R&R is de novo, it is not an opportunity to re-run every argument made to the Magistrate Judge." *God's Storehouse Topeka Church v. United States*, No. 22-4014-DDC-TJJ, 2023 WL 2624318, at *4 (D. Kan. Mar. 24, 2023) (quoting *Sigui v. M + M Commc'ns, Inc.*, 310 F. Supp. 3d 313, 319 (D.R.I. 2018)).  "[T]he district court should be spared the chore of traversing ground already plowed by the Magistrate." *Id.* (quoting *United States v. Morales-Castro*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013)).  *See also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (explaining objections failed to "meaningfully address" an R&R where they "merely rehashe[d] identical arguments previously raised"); *Vester v. Asset Acceptance, L.L.C.*, No. CIV.A08CV01957MSKLTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) ("An 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve

4

the issue for de novo review."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Defendant's copy-and-paste brief fails to properly challenge Magistrate Judge Robertson's analysis and is not a proper objection triggering de novo review.

"In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)). The *Davis* court reviewed "to confirm that there [was] no clear error on the face of the record" in the R&R. *Id.* The Court has reviewed the R&R with this standard in mind and concurs with its analysis. Moreover, the Court notes that it would concur with the analysis on either clear error or de novo review.

The one paragraph of new argument found at the end of Defendant's objection (which asserts the Magistrate Judge's logic is "flawed") does not change the Court's result. There, Defendant challenges Magistrate Judge Robertson's reasoning regarding driving while under the influence of pharmaceuticals. Dkt. No. 66 at 19 (quoting Dkt. No. 61 at 12). Defendant argues that use of most pharmaceuticals does not expose an individual to strict liability for driving the way that use of marijuana does, as most prescribed medications are not classified as Schedule I drugs.[1] *Id.* On de novo review, the Court agrees with Magistrate Judge Robertson's statement in his R&R that, "Defendant essentially seeks for this Court to establish Oklahoma public policy – an avenue onto which this Court will not venture. This is a legislative matter and not a constitutional one." Dkt. No. 61 at 9.

---

[1] Indeed, Schedule I drugs are defined as drugs for which there *is* no accepted medical use.

## CONCLUSION

IT IS THEREFORE ORDERED that Magistrate Judge Robertson's findings and recommendations [Dkt. No. 61] is ADOPTED in full. Defendant's first motion to dismiss indictment [Dkt. No. 30] and second motion to dismiss indictment [Dkt. No. 31] are DENIED.

Dated this 12th day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE